IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| OLIVER BATTLE, JR., #515410 § | |
| § | |
| V. § | CIVIL ACTION NO. G-05-465 |
| § | |
| DOUG DRETKE, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION. § | |

## REPORT AND RECOMMENDATION

Before the Court is the application of Oliver Battle for the issuance of a writ of habeas corpus. Gardner challenges disciplinary case number **20050212831**, in which he was punished with a loss of forty-five days recreation and commissary privileges and 325 days lost good time.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In the context of disciplinary proceedings, habeas corpus procedures are appropriate when the allegations concern punishment which may ultimately affect the length of an inmate's confinement. *See Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994); *Serio v. Members of the La. State Bd. Of Pardons*, 821 F.2d 1112 (5th Cir. 1987). In the instant case, Petitioner alleges that his due process rights were violated during the course of the above-cited disciplinary proceeding. Due to the nature of Petitioner's underlying conviction, however, Petitioner is not eligible for the protections afforded by the Due Process Clause.

Petitioner states in his interrogatory answers that he was convicted of two counts of sexual assault in June, 1989. Under the applicable statute, a prisoner may not be released to mandatory supervision if

the prisoner is serving a sentence for sexual assault.[1] As such, the loss of good time credit does not affect the duration of his sentence, and does not, therefore, trigger due process protections. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Madison v. Parker,* 104 F.3d 765, 767 (5th Cir. 1997). Moreover, to the extent Petitioner's claims are interpreted to assert that the challenged disciplinary proceeding will adversely affect his eligibility for parole, he still has not stated a claim that invokes due process. While procedures relative to parole may affect his duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest. "It follows that because [the petitioner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). Therefore, to whatever extent the challenged disciplinary proceeding affects Petitioner's eligibility for parole, his due process rights have not been violated. Petitioner has failed to state a claim that is cognizable under federal habeas review. *See Madison*, 104 F.3d at 767; *Sandin*, 515 U.S. at 483-484.

Accordingly, for the aforementioned reasons, it is the **RECOMMENDATION** of this Court that this cause be **DISMISSED for failure to state a claim upon which federal habeas relief is available**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Petitioner. The Petitioner **SHALL** have until **October 21, 2005,** in which to have written objections physically on file in the Office of the Clerk. <u>The objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553</u>. Any objections filed **SHALL** be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the

---

[1] *See* Texas Code of Criminal Procedure, Article 42.18. (Vernon's 1988).

prescribed time **SHALL** bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ____5th____ day of October, 2005.

```
                                        _____
                                        John R. Froeschner
                                        United States Magistrate Judge
```